HINTON et al. v. COLUMBIA RIVER
PACKERS ASS'N, Inc.
No. 9456.

Circuit Court of Appeals, Ninth Circuit.
Oct. 20, 1942.

See also, 117 F.2d 310.

Ben Anderson, of Portland, Or., for appellant.

Jay Bowerman, of Portland, Or., and Ralph E. Moody, of Salem, Or., for appellee.

Before GARRECHT, HANEY and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

We have before us for a second consideration a decree of injunction issued under the anti-trust laws.

Appellee is an Oregon corporation engaged in the business of purchasing, processing, canning, merchandising and distributing fish and other products. It is engaged in interstate commerce. In carrying on its business it purchases fish and other products of the Pacific Ocean from producers, many of whom are members of the Pacific Coast Fishermen's Union, hereafter called the Union.

Prior to April 29, 1939, appellee was able to and did purchase its requirements from fishermen, and the Union demanded that appellee enter into a contract with it, whereby appellee would promise to purchase no fish from anyone except a member of the Union. Appellee refused to sign the contract, whereupon the Union induced all fishermen in the area near Reedsport, Oregon, to refrain from selling appellee any fish caught in the waters in that area. The price to be paid for fish was fixed by agreement of the Union and the various dealers, and there was no disagreement between appellee and the Union over the price to be paid for the fish appellee sought to buy.

The record discloses that at the time of trial, from 90% to 100% of the fishermen operating along the coast of Oregon, Washington and Alaska were members of the Union and the Union controlled the production of fish so much that appellee could not operate its business in Oregon and Washington unless it entered into the

contract with the Union. From these facts the court below concluded that appellants had violated the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1—7, 15 note, and enjoined them from interfering with appellee's business.

On appeal, this court reversed the decree of the court below on the ground that the Norris-La Guardia Act, 29 U.S.C.A. § 101 et seq., was applicable, and had not been complied with. 117 F.2d 310. The judgment of this court was then reversed on the ground that there was not involved a "labor dispute" within the meaning of the Norris-La Guardia Act because the controversy related "solely to the sale of fish" and not to "wages or hours or other terms and conditions of employment". 315 U.S. 143, 62 S.Ct. 520, 522, 86 L.Ed. 750. The cause was remanded to this court for further consideration. Three questions are now argued.

 First. Is the Union exempt from the provisions of the anti-trust laws by reason of the statutes authorizing fishermen's cooperatives, 15 U.S.C.A. §§ 521, 522? Without going into detail, we believe United States v. Borden Co., 308 U.S. 188, 203-206, 60 S.Ct. 182, 84 L.Ed. 181, which answers the question in the negative with respect to the similar Capper-Volstead Act, 7 U.S.C.A. §§ 291, 292 is applicable, and that the answer to the instant question must also be in the negative.

Second. Do the anti-trust laws apply to the Union? Appellants contend that the anti-trust laws do not prevent employees from entering into agreements regarding sale of their services, and rely on Apex Hosiery Co. v. Leader, 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311, 128 A.L.R. 1044. The difficulty with this contention is that appellants were not selling services, but were attempting the "sale of fish". Columbia River Co. v. Hinton, 315 U.S. 143, 147, 62 S.Ct. 520, 86 L.Ed. 750. Appellants are not, therefore, excluded from the provisions of the Sherman Act, but are in the same position as sellers of articles generally.

Third. Was the Sherman Act violated? Appellants, by their combination, have acquired the power to fix the prices of fish and control the production thereof which deprives consumers of the advantages which accrue to them from free competition in the market. That, we under-

stand, is a violation of the Sherman Act. Apex Hosiery Co. v. Leader, supra, 310 U.S. 497, 498, 60 S.Ct. 982, 84 L.Ed. 1311, 128 A.L.R. 1044. See also: United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 218, 60 S.Ct. 811, 84 L.Ed. 1129.

Upon oral argument questions were argued which the record does not disclose to have been raised in the court below, and which are not argued in either brief. Under these circumstances, we decline to consider them.

Affirmed.